## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ALEX MOORE,                          )
                                     )
      Petitioner,              )
                                     )
v.                                   )      Case No. CIV-20-00227-PRW
                                     )
JEORLD BRAGGS,                       )
                                     )
      Respondent.              )

## ORDER

Before the Court is United States Magistrate Judge Suzanne Mitchell's Report & Recommendation (Dkt. 25) and Petitioner Alex Moore's Objections (Dkt. 26). Moreover, simultaneously with his Objections, Petitioner Alex Moore filed a Motion to Stay and Abeyance or Alternative Motion to Supplement (Dkt. 27), seeking to add several unexhausted supplemental grounds to his federal habeas corpus petition that he had not previously raised. Respondent filed a response in opposition (Dkt. 28), and Petitioner filed a reply (Dkt. 29). For the reasons discussed below, the Court **ADOPTS** the Magistrate Judge's Report & Recommendation (Dkt. 25) in full and **DENIES** the Motion (Dkt. 27) filed by Petitioner.

Petitioner, appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner asserts six grounds for relief in his habeas petition, claiming: (1) his "rights to due process and a fair trial were violated by the improper admission of bad character evidence," (2) his "rights to a fair trial consistent with due process of law [were violated]

by the admission into evidence of excessively gruesome photos," (3) "the prosecutor's concerted and amplified efforts to define the concept of beyond a reasonable doubt by negative inference deprived [him] of a fair trial," (4) he "was denied his constitutional right to testify in his own behalf when neither his attorney nor the court discussed waiver of that right on record," (5) he "was denied the reasonable effective assistance of counsel guaranteed him by the Sixth Amendment," and (6) "the accumulation of error in this case deprived [him] of due process of law," in violation of the 5th and 14th Amendments and Article II, § 7 of the Oklahoma Constitution.[1]

On March 26, 2021, United States Magistrate Judge Suzanne Mitchell entered a Report and Recommendation (Dkt. 25) in this case, recommending that this Court deny federal habeas corpus relief.[2] Petitioner was advised of his right to file an objection to the Report and Recommendation (Dkt. 25) on or before April 16, 2021,[3] and he availed himself of that right by filing Objections (Dkt. 26), which make a few general arguments. First, Petitioner objects to the Magistrate Judge's alleged "appl[ication] a presumption of correctness to the state court's decision" and "to claims of questions of law or mixed questions of law and fact."[4] Second, Petitioner objects to alleged "finding[s] of fact based solely on the opinion(s) of the Court of Appeals, and the Government's response to the

---

[1] Pet. for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Dkt. 1) at 2−14.

[2] R & R (Dkt. 25) at 33.

[3] *Id.*

[4] Obj. (Dkt. 26) at 1−3.

Petitioner's Habeas Petition,"[5] and third, he objects to various legal conclusions reached by the Magistrate Judge.

The Court has conducted a de novo review and agrees with the Magistrate Judge that federal habeas corpus relief should be denied here. The Court finds that contrary to Petitioner's contention, the Magistrate Judge's findings were reasonable as to the introduction of other crimes evidence, the admission of gruesome photographs, the prosecutor's remark on reasonable doubt, the unrecorded waiver of the right to testify, and any alleged ineffective assistance of counsel. The Magistrate Judge correctly concluded that there was no unreasonable application of federal law in the underlying proceedings. Moreover, Petitioner's presumption of correctness arguments are inapplicable. Accordingly, the Magistrate Judge's thorough and well-reasoned Report and Recommendation (Dkt. 25) is hereby **ADOPTED** in its entirety and the habeas petition (Dkt. 1) is **DENIED**.

Furthermore, alongside his Objections (Dkt. 26), Petitioner filed a Motion to Stay and Abeyance or Alternative Motion to Supplement (Dkt. 27), but this, too, must be denied. Relying on *Rhines v. Weber*,[6] Petitioner asks the Court to stay this habeas proceeding so that he may exhaust available state remedies as to new claims that he did not raise in the original Petition.[7] It is not clear, however, that *Rhines* has any application here. In *Rhines*,

---

[5] *Id.* at 3.

[6] 544 U.S. 269 (2005).

[7] A "habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000);

the Supreme Court held that a federal court may grant a stay, and hold a habeas petition in abeyance, rather than dismissing the petition, when the petitioner has filed a "mixed petition," i.e., a petition asserting both exhausted and unexhausted claims, and seeks a stay to present the unexhausted claims in state court.[8] But *Rhines* did not contemplate the use of the stay-and-abeyance procedure when, as here, a petitioner asserts only exhausted claims in a petition and seeks a stay to exhaust available state remedies as to new claims that are not asserted in the petition.[9]

　　And even if *Rhines* did apply, the Court agrees with Respondent that a stay is not warranted because, even assuming Petitioner exhausts available state remedies, it would

---

*Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."). "To exhaust a claim, a state prisoner must pursue it through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

[8] 544 U.S. at 275−78; *see also Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (concluding that *Rhines*' stay-and-abeyance procedure may apply, in certain circumstances, when a petition asserts only unexhausted claims).

[9] *See Postelle v. Carpenter*, 901 F.3d 1202, 1225 (10th Cir. 2018) (noting that *Rhines*' "approv[al] of the stay-and-abatement process for raised but unexhausted claims does not appear to apply to claims not yet raised at all"). Petitioner's supplemental claims have not yet been raised. Petitioner seeks to add *Brady*, prosecutorial misconduct, ineffective assistance of counsel and other claims based on new legal theories that do not share a core of operative facts with his prior claims. These new arguments are instead based on allegedly exculpatory video and other purported facts not referenced or directly relied upon in his original Petition. His motion, however, provides no valid reason for him hanging onto these supplemental grounds until the time came for his Objection to the Report and Recommendation to be filed.

be futile to amend the Petition to add the newly-asserted claims as they are untimely,[10] and they do not relate back to the claims asserted in the Petition. As such, Petitioner's Motion to Stay and Abeyance or Alternative Motion to Supplement (Dkt. 27) is likewise **DENIED**.

Moreover, a certificate of appealability is also **DENIED**, as the Court has found Petitioner has not made "a substantial showing of the denial of a constitutional right."[11]

**IT IS SO ORDERED** this 31st day of March 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[10] Petitioner's statute of limitations expired in June 2020, and his habeas petition does not toll his time. Petitioner raised these new claims for the first time in his April 2021 motion. To properly supplement, Petitioner would have had to, but did not, demonstrate that his new claims relate back to the original petition. *See Korona v. Nunn*, No. 19-CV-0058-CVE-JFJ, 2022 WL 319972, at *7 (N.D. Okla. Feb. 2, 2022); *see also Postelle*, 901 F.3d at 1225 (noting that because "federal habeas law strictly limits the circumstances under which an amendment can relate back to the original petition filing," a proposed amendment can relate back "'*if and only if* . . . the proposed amendment does not seek to add a new claim or to insert a new theory into the case.'") (emphasis in original) (quoting *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000)).

[11] 28 U.S.C. § 2253(c)(2).